UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AUTUMN TAYLOR
833 Lenape Rd.
West Chester, PA 19382;                     CASE NO.:   14-1074

        Plaintiff,

    v.

THE AMERICAN UNIVERSITY
4400 Massachusetts Avenue, N.W.
Washington, D.C. 20016;

        Defendant.

## COMPLAINT

COMES NOW, Plaintiff, AUTUMN TAYLOR (hereinafter referred to as "Plaintiff"), by and through her attorneys of record, Jason J. Bach of The Bach Law Firm, LLC, and Tracy D. Rezvani of Rezvani Volin P.C., and hereby complains and alleges against the above-named Defendant, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

## PARTIES

1.     Plaintiff, AUTUMN TAYLOR,  is currently a resident of the State of Pennsylvania presently residing at the address set forth in the caption hereof, and at all relevant times, was a student at American University.

2.     Defendant THE AMERICAN UNIVERSITY (hereinafter, "AU"), is a private university incorporated by an act of the United States Congress in 1893. AU operates its university at the premises located in Washington, D.C.

1

3.     At all times relevant hereto, and in all their actions described herein, Defendant's actions took place in Washington, D.C.

## VENUE & JURISDICTION

4.     Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1332 (diversity) because the amount in controversy exceeds $75,000.00 and the parties are diverse. Jurisdiction is also invoked pursuant to 28 U.S.C. § 1331 (questions of federal law) based upon Section 504 of the Rehabilitation Act of 1973 (Section 504) and Title II of the Americans with Disabilities Act (ADA).

5.     Venue is appropriate in this Court as Defendant is located in this District and the facts giving rise to this complaint arose in this District.

6.     This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423. This Court has personal jurisdiction over the parties because, *inter alia*, Defendant is located in the District of Columbia, engaged in the acts directed at Plaintiff in District of Columbia, conducts substantial business in this jurisdiction, and has extensive, systematic and continuous contacts with this state.

## FACTS

7.     During her sophomore year at AU, Plaintiff Taylor began to suffer from severe anxiety, which substantially limits her ability to complete examinations and assignments on a timely basis and qualifies her to receive reasonable accommodations from the university, including additional time in which to complete examinations and assignments, under both university policy and Section 504 of the Rehabilitation Act.

8.     In Fall 2011, Taylor began her studies as a freshman at AU. As a result of her disability, of which she was unaware at that time, she struggled academically into her sophomore

2

year. Taylor requested assistance and accommodations from the AU academic support center and then from the AU counseling center, informing the AU staff that she was suffering from debilitating anxiety surrounding her school work and exams.

9.      While Taylor was seeking assistance from AU at that time, she was unaware of what accommodations she was entitled to under federal law or AU policies and procedures. AU failed to provide Taylor any information regarding disability support services provided by the university, accommodations, or her rights under Section 504 and the ADA.

10.      The action taken by AU as a result of Taylor's request for assistance was ineffective because AU refused to address her disability, let alone provide reasonable accommodations.

11.      Plaintiff Taylor even spoke to the Dean of Students and the Dean of SIS to discuss her disabling condition with anxiety and explained how it affected her academic performance. These conversations also included discussion of the specific issues she was having with a certain professor, which was exacerbating her condition. The AU deans failed to advise Taylor of any process for documenting her disability, for requesting specific accommodations, or for registering for disability support services.

12.      Despite Taylor's numerous and unanswered attempts to seek assistance and accommodations for her disability, on January 10, 2014, Taylor was dismissed from AU for failure to show academic progress.

13.      Despite AU's knowledge of Taylor's disability, the letter of dismissal failed to address Taylor's disability and failed to address how she was evaluated in light of her qualified disability.

/ / /

/ / /

14.     Through her numerous attempts to seek assistance during her sophomore year and into her junior year, Taylor provided AU with sufficient information establishing the fact that she had a qualified disability.  Taylor provided this information in her meetings with her academic advisor, the academic support center, the AU counseling center, the Dean of Students and the Dean of SIS.

15.     AU was made aware by Taylor that her disability, namely, anxiety disorder, substantially limits her time management skills, and her ability to complete assignments and examinations within the time prescribed for students without this disability.

16.     AU was aware that Taylor's disability qualifies her under Section 504, which dictates that Ms. Taylor is entitled to various "academic adjustments" to ensure that she is not discriminated against, based upon her disabilities.  34 C.F.R. § 104.44.  These adjustments can include substitution of specific courses required to complete a degree program, and modification "of the manner in which specific courses are conducted."  34 C.F.R. § 104.44(a).  Section 504 also requires that a college or university modify how they evaluate academic achievement of a student with disabilities.  34 C.F.R. § 104.44(c).

17.     Had AU provided the reasonable accommodation of allowing Taylor extra time to complete assignments and examinations, which could have been provided by AU for minimal expense, Taylor would have had the same opportunity as students without disabilities, but AU provided no such accommodation.

18.     As a result of not being provided reasonable accommodations, Taylor was put at a substantial disadvantage to other students and was ultimately dismissed from the program.  AU's failures to provide Taylor minimal accommodations and to modify its evaluation of Taylor's

academic performance in light of her disability, despite AU's knowledge of her disability and despite Taylor's repeated requests, are in direct violation of law.

19.     As a result of Defendant's arbitrary, capricious, and unlawful actions, Plaintiff has been prevented from attending classes at AU, thus halting and destroying her ability to attend AU.

## FIRST CAUSE OF ACTION

### *VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973,*
### *29 U.S.C. §701, et seq.*

20.     Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

21.     Plaintiff is a qualified individual with a disability, as defined by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20).

22.     Defendant receives federal financial assistance, as defined by 29 U.S.C. §794, and, as such, may not discriminate against a person because of her disability.

23.     Despite Plaintiff's requests for reasonable accommodations, including not being dismissed from school as a result of her disability, Defendant has refused to provide them.

24.     Solely by reason of her disability, Plaintiff was excluded from the participation in, denied the benefits of, subjected to discrimination, exploitation and a hostile educational environment at AU, such acts and omissions violating the Rehabilitation Act thereby.

25.     Defendant exercised bad faith in failing to provide appropriate and necessary accommodations and modifications to Plaintiff, so that she could continue in her educational program, a violation of the Rehabilitation Act thereby.

26.     In addition, and in the alternative to the above-noted violation of the Rehabilitation Act, AU also violated the Act when retaliating against Plaintiff when she began to advocate for her rights pursuant to the Act.

27.     Such acts, omissions and failures by AU proximately caused injuries to Plaintiff.

28.     Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, harassed and retaliated against, forcibly withdrawn from the program, all in violation of her rights pursuant to Section 504 of the Rehabilitation Act of 1973, depriving her of the opportunity to complete her education and further her career, and inflicting emotional distress and physical injury, all to her damage.

29.     It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

30.     Plaintiff is entitled to injunctive and declaratory relief to obtain the reasonable accommodations, as permitted under the statute, to allow her immediate access and participation in this education program.

### SECOND CAUSE OF ACTION

### *VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §12101, et seq.*

31.     Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

32.     Plaintiff is a "qualified individual with a disability," as defined in 42 U.S.C. § 12131(2).

33.     AU receives federal financial assistance so as to be covered by the mandate of the ADA.

34.     AU is a facility, the operation of which constitutes a program and services for ADA purposes.

35.     AU failed and refused to reasonably accommodate Plaintiff in violation of Title II of the ADA. Such failures caused injuries to Plaintiff.

6

36.     AU failed and refused to reasonably modify its services in violation of Title II of the ADA. Such failures proximately caused injuries to Plaintiff.

37.     Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, harassed and retaliated against, forcibly withdrawn from the program, based upon her disability, all in violation of her rights pursuant to the ADA, depriving her of the opportunity to complete her education and further her career, and inflicting emotional distress and physical injury, all to her damage.

38.     It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

39.     Plaintiff is entitled to injunctive and declaratory relief to obtain the physical and programmatic accessibility, as permitted under the statute, to allow him immediate access and participation in this education program.

### THIRD CAUSE OF ACTION

#### *BREACH OF CONTRACT*

40.     Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

41.     By admitting Plaintiff and accepting her tuition payments, Plaintiff and AU have an express and implied contract with Defendant, AU, in connection with rights explicitly guaranteed by AU pursuant to the *American University Catalog* and its *Services for Students with Disabilities* policy.

42.     The actions of Defendant constitute a material and substantial breach of the express and implied contract by:

/ / /

(a) denying Plaintiff her right not to be discriminated against due to her disability, as is set forth in the *American University Catalog*, Nondiscrimination and Equal Opportunity; and *Services for Students with Disabilities*.

(b) denying Plaintiff, a "qualified person with a disability," "reasonable accommodations." *Services for Students with Disabilities*.

43.     At all times relevant, Plaintiff abided by and governed her conduct by the terms of the aforementioned contract and met all financial obligations.

44.     As a direct and proximate result of Defendant's actions, Plaintiff has lost the difference in value over a lifetime of earnings expected to be earned by an individual who graduated from AU and a person without a bachelor's degree from AU.

45.     As a direct and proximate result of Defendant's actions, Plaintiff has lost a year or more of her career and tuition she paid to AU.

46.     As a result of the breach committed against the Plaintiff, she has suffered loss, damage and detriment including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

47.     It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## FOURTH CAUSE OF ACTION

### *BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING*

48.     Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

/ / /

8

49.     The aforementioned contract between the parties contained an implied covenant of good faith and fair dealing, which precludes the Defendant from evading the spirit of the contract, willfully rendering imperfect performance, refraining from interference with Plaintiff's ability to benefit from its terms, acting in contravention of Plaintiff's reasonable expectations, failing to abide by the standards and policies promulgated by the Defendant, or otherwise acting in an arbitrary and capricious manner with respect to Plaintiff.

50.     The Defendant breached this implied covenant of good faith and fair dealing by making it impossible for the Plaintiff to realize the benefit of her contract and by permitting its agents to act in bad faith and in a manner which interfered with Plaintiff's contractual expectations.

51.     As a result of the breach committed against the Plaintiff, she has suffered loss, damage and detriment including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

52.     It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter judgment in Plaintiff's favor, and against the Defendant for (1) an injunction requiring AU to reinstate Plaintiff into her prior program and (2) for compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00); (3) for the costs and disbursements of this action, for interest, and such other attorney's fees and further relief as justice requires; and (4) any other relief that justice so requires.

/ / /

/ / /

/ / /

9

## JURY DEMAND

The Plaintiff, AUTUMN TAYLOR, respectfully prays a trial by jury on all issues so triable.

DATED this _____ day of June, 2014.

Tracy D. Rezvani (Bar No. 464293)
**REZVANI VOLIN P.C.**
1050 Connecticut Ave., N.W., 10th Floor
Washington, D.C. 20036
Telephone: (202) 350-4270 x 101
Facsimile: (202) 351-0544
Email: trezvani@rvrlegal.com

Jason J. Bach, Esq.
**THE BACH LAW FIRM, LLC**
D.C. Bar No.: 974126
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
Email: jbach@bachlawfirm.com

## VERIFICATION

As to those allegations of fact not qualified by the phrase "upon information and belief" or otherwise, I do solemnly declare and affirm under penalties of perjury that the contents of the foregoing Complaint are true and accurate to the best of my knowledge.

_____
Autumn Taylor
Dated this _____ day of June, 2014

10

## JURY DEMAND

The Plaintiff, AUTUMN TAYLOR, respectfully prays a trial by jury on all issues so triable.

DATED this ___ day of June, 2014.

Tracy D. Rezvani (Bar No. 464293)
**REZVANI VOLIN & ROTBERT P.C.**
1050 Connecticut Ave., N.W., 10th Floor
Washington, D.C. 20036
Telephone: (202) 350-4270 x 101
Facsimile: (202) 351-0544
Email:  trezvani@rvrlegal.com

Jason J. Bach, Esq.
**THE BACH LAW FIRM, LLC**
D.C. Bar No.: 974126
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
Email:  jbach@bachlawfirm.com

## VERIFICATION

As to those allegations of fact not qualified by the phrase "upon information and belief" or otherwise, I do solemnly declare and affirm under penalties of perjury that the contents of the foregoing Complaint are true and accurate to the best of my knowledge.

Autumn Taylor
Dated this 19 day of June, 2014

10